Judge Robertson
delivered the opinion of the Court.
This is an action of detinue, by Hoover vs. Lewis, for a promisory note, for $500 in commonwealth’s paper.
It appears from the testimony embodied in a bill of exceptions, that Hoover held a note on Lewis, for $500, payable in notes of the bank of the commonwealth ; that Lewis had proposed to execute another note for $525, in the same kind of paper, in lieu of the $500 note, with certain gentlemen as'his securities, which Hoover agreed to accept, whenever it should be delivered to him with all the signatures; that Levyis signed the note for $525, and left it with Hoover, taking- the note for $500 with him, on a promise to procure the signatures of the securities, to the otjier note. It was agreed, that if he did not cause the note for $525, to be fully executed, within a specified time, he should return the note for $500. He failed to complete the execution of the note for $525, and then refused to surrender the other, ^hereupon this suit was instituted to recover it.
Verdict for plaintiff.
Detinue may-b® “aintainanote Qr wri; cinl’a debt"' foranychattels which can be identithe pl’tff. lias aright of „ f i a te^ possession, no matter how *b^®f’t-gob-’ jesion. P°S"
Pl’tff. may sue for breach of promise to deliver, when contract of bailment is determined, or he may bring detinue for the specific thing bailed.
The jury, on the general issue, found a verdict for Hoover.' Lewis made a motion for a new trial, on an affidavit, which the court having overruled; was rendered on the verdict for Hoover.
It is insisted here, that the action was not maintainable; and that if it were, the .court ought to have awarded a new trial, for the reasons stated in the affidavit.
There can be no doubt, that an .action of detinue will lie for a deed, note, or any other muniment of title, or document of debt.
Has the plaintiff properly in the thing? Has he aright to the immediate possession of it? Can it fie identified? Is it in the possession of the defendant? These are the only inquiries which it is necessary to answer affirmatively, to entitle the plaintiff to maintain a suit, in detinue. If all these facts concur, the plaintiff must succeed. They are all abundantly proved in this case. But it is suggested by the counsel for Lewis, that the action is misconceived. He insists, that as Lewis obtained the possession of the note, with the assent of Hoover, and promised to return it on a certain contingency, the only remedy for a breach of this contract, is assumpsit. There js po solidity in this argument. It is immaterial hosy Lewis obtained the possession, or for what purpose, if Iiopver has a right tp the note, and Lewis has po right, detinue may be sustained, and is the appropriate remedy for the restitution of the note.
“It lies upon a contract for not delivering a specific chattel, in pursuance of a bailment on other contract." 1 Chitty, 118.
A bailor may maintain detinue or trover against his bailee, of a chattel, after the contract of bailment shall have been fulfilled. He may surely, if he choose, bring assumpsit for a breach of the contract. But there can be no doubt that he can recover the specific thing bailed; arid this he can do in detinue only.
It cannot be doubted, that if A pledge a slave with P, as a collateral security, for money to be refunded pn a given day, he may recover the slave in detinue, *502 by paying or tendering tbe money on the day. He may also bring assumpsit or trover. In detinue, it is supposed that the defendant had acquired the possession legally, by contract or otherwise. Besides, Hoover had a right to treat the contract as a nullity. He had the option either to affirm it by suing for a breach of it, by Lewis, or disaffirm it by demanding his note.
Affidavit insufficient.
Hoggin and Loughborough, for appellant.
If money be paid on a special executory contract, as soon as the contract shall be at an end, either by its own terms or by the acts of the parties, or either of them, indebitatus assumpsit may be maintained for money had and received. Comyn on contracts, 76-7, 81-2. In such a case, if property be advanced instead of money, detinue may be brought for it.
If A purchase from B a horsevtO be delivered on a particular day, he may recove.rdt in detinue, by paying or tendering the money, according to his contract. Hoy’s Maxims, 88; Shepherd’s Touchstone, 224.
In such case, assumpsit will lie. But the plaintiff has his election to sue on the contract for damages, or to demand the specific thing which belongs to him.
We are not inclined to multiply illustrations. We would not have considered it proper, to admit that the question is open for argument, if it had not enlisted the zeal of counsel, in this as well as in the inferior court. There can be no doubt that Hoover had a right to his action, and that it is well sustained by proof.
The affidavit discloses no good reason for a new trial. It does not state the names of the witnesses; that they had been summoned; or that if Lewis had been in court, he could have made proof, or shown sufficient ground for a continuance.. These defects are fatal; but there are others equally so.
The court, therefore, decided correctly on the motion for a new trial.
Wherefore, the judgment is affirmed.