# CHARLESTON

HEFNER, *et al.* v. FIDLER.

Submitted June 9, 1905.     Decided October 31, 1905.

1. DETINUE—*Promissory Note.*
   The action of detinue will lie to recover a promissory note. (p. 160.)

2. DETINUE.
   In order to ground the action of detinue, these points are necessary: (1) the plaintiff must have property in the thing sought to be recovered; (2) he must have the right to its immediate possession; (3) it must be capable of identification; (4) it is essential that the property be of some value; and (5) the defendant must have had possession at some time prior to the institution of the action. (p. 160.)

3. DETINUE—*Promissory Notes—Fraud.*
   One who purchases property, and gives his notes for the purchase price thereof, cannot maintain detinue to recover such notes, upon the discovery of such fraud as would entitle him to a rescission of the contract. (p. 161.)

Error to Circuit Court, Gilmer County.

Action of detinue by G. W. Hefner and others against Emmett Fidler. Judgment for plaintiffs, and defendant brings error.

*Reversed.*

R. F. KIDD and A. L. HOLT, for plaintiff in error.

R. G. LINN and L. H. BARNETT, for defendants in error.

SANDERS, JUDGE:

This is an action of detinue, instituted before a justice of the peace of Gilmer county, for the recovery of the possession of two certain promissory notes of $62.50 each. Upon the trial of the case, both before the justice and upon appeal to the circuit court, judgment was rendered in favor of the plaintiffs, and to this judgment a writ of error and *supersedeas* has been allowed.

The defendants sold to the plaintiffs one four-horse power engine and boiler, for the sum of $125.00, to be paid in two equal payments of $62.50 each, for which they executed the said two notes. The plaintiffs claim that shortly after the consummation of the trade, by the execution of the notes and delivery of the engine and boiler, they discovered that the defendant had knowingly made false and fraudulent representations to them in regard to said engine and boiler for the purpose of misleading and deceiving them, and which did mislead and deceive them, to their prejudice, and for which they claim they are entitled to rescind the contract; and to this end they offered to return the engine and boiler to defendant, and demanded possessson of the notes, and defendant claimed that he had assigned the notes away, and could not comply with their offer.

The first question that confronts us, is, does the action of detinue lie? In order to ground the action, these points are necessary: (1) the plaintiff must have property in the thing sought to be recovered; (2) he must have the right to its immediate possession; (3) it must be capable of identification; (4) it is essential that the property be of some value; and (5) the defendant must have had possession at some time before the institutution of the action.

The authorities universally hold that the action of detinue will lie to recover the possession of a promissory note. Some of these are: 1 Barton's Law Pr. 214; 1 Chitty Pl. (11 Ed.) 121; *Cooper* v. *Mastin*, 73 Ala. 252; *Rob* v. *Cherry*, 98 Tenn. 72, (38 S. W. 412); *Lewis* v. *Horner*, 24 Ky. 500; 19 Am. Dec. 120; *Robinson* v. *Peterson*, 40 Ill. App. 132; *Carter* v. *Turner*, 37 Tenn. 178.

But while this action will lie to recover the possession of a promissory note, yet one, to maintain it, must bring himself within the rule herein stated. As we have seen, the

plaintiff must have property in the thing sought to be recovered, and it must be of some value. Then, the pertinent inquiry is, what property have the plaintiffs in the notes sought to be recovered, and what is their value? When recovered by the plaintiffs, they are of no value to them; it could only be the possession by them of evidence of outstanding indebtedness. If the theory of the plaintiffs is correct, that they have the right to rescind, and have rescinded, the contract, the notes are also of no value to the defendant, he having lost the right to recover on them. If, however, he has not lost the right to recover, he would be in the lawful possession of them, and the plaintiff's action could not, for that reason, be maintained,

The plaintiffs are deprived of nothing of value to them by reason of the detention of the notes. It may be claimed that the defendant may sue upon them; if so, the plaintiffs can make any defense which they may have. If they have the right to rescind the contract, they can set this up as a defense. Then, again, the notes should have an alternative value. A judgment in detinue should be for the specific property, of a specified value, so that, if the property cannot be had, its value may be recovered. Certainly a judgment could not be given for the plaintiffs for the face value of these notes, for they have no such value in them. Would they be of that value to the plaintiffs, if recovered? This question must be answered in the negative. Then, if not, how could they have a judgment for the value of a thing which is valueless? In the case of *Todd* v. *Crookshanks*, 3 Johns. (N. Y.), the plaintiff brought an action to recover the possession of a note which he had paid, and had taken a receipt, showing payment in full; and the court, speaking in this case, says: "There was no foundation for the action below. After the note was paid, a receipt in full given by one of the payees, it was completely discharged, so as to be of no value."

For these reasons, the judgment of the circuit court is reversed, the verdict of the jury set aside, and the action dismissed.

*Reversed.*