## CHARLESTON

### CAROWAY *v.* COCHRAN.

Submitted February 20, 1912.   Decided January 28, 1913.

1. BAILMENT—*Compensation of Bailee—Lien.*

A bailee of personal property for care and preservation, under an agreement which does not fix the amount of his compensation, is entitled to the reasonable value of his services, and may retain possession of the property as security therefor. (p. 699).

2. APPEAL AND ERROR.

In an action of detinue by the owner to recover possession of the property, the amount in controversy is the value of the property, although the claim for compensation is set up as ground of defense and title to the property disclaimed. (p. 699).

3. NEW TRIAL—*Erroneous Instruction.*

An erroneous instruction given in a case in which the issue turns on conflicting evidence justifies the award of a new trial. (p. 701).

Error to Circuit Court, Pocahontas County.

Action by A. J. Caroway against L. S. Cochran. Judgment for defendant. Plaintiff brings error.

*Affirmed.*

*N. C. McNeil* and *L. M. McClintic,* for plaintiff in error.

*F. R. Hill* and *Price, Osenton & Horan,* for defendant in error.

POFFENBARGER, PRESIDENT:

A. J. Caroway obtained a verdict in an action of detinue against L. S. Cochran for a saw mill, valued at $300.00, and $5.00 damages, which the court set aside. On his writ of error, he complains of the action of the court in permitting the defendant to file a special plea and the introduction of evidence thereunder, in giving defendant's instructions Nos. 1 and 2, and setting aside the verdict.

The defense was a right of detention in the defendant as a bailee or custodian of the mill for a claim for compensation for his trouble and labor in the care thereof, amounting to $100.00. An effort is made here to get rid of the writ of error on the theory of lack of appellate jurisdiction. The amount in controversy, however, was the value of the property sued for. Although the defendant disclaimed any title to the mill and asserted his claim for compensation only as ground of defense, the subject matter of the litigation was the possession of the mill. There could be no cross action in this suit for compensation for its care. At most that claim gave a mere right of detention and the recovery thereon was enforcible only by judgment and execution. The $100.00 claim was in the case as a ground of resistance of the plaintiff's right to the mill, not as the basis of a recovery of a money demand. Hence, clearly it was not the matter in controversy.

The plea, if sustained by proof, constitutes a good defense. A bailee, without an express agreement for compensation, may undoubtedly retain possession of the subject of the bailment for his reasonable charges, in the absence of circumstances proving the service to have been gratuitous.

The mill had been placed on Cochran's land for the purpose of manufacturing lumber on an adjacent tract belonging to other parties, under a verbal license from him, in consideration of which some of his timber was to be sawed by the licensees. It was placed there by the Kittanning Lumber Company, a copartnership, composed, it seems, of J. M. Straight and J. H. Painter. This firm did not own the mill. They had leased or hired it from Painter, one of the members of the firm. Before completion of their contract for sawing the timber on

the adjacent land, the firm became insolvent and quit work, leaving the mill on Cochran's land. Subsequently Caroway bought it of Painter and demanded possession thereof which Cochran refused. Assuming power in this firm to bind Painter for the expense of caring for the mill, after they had ceased to use it, on account of insolvency and discontinuance of work under their contract, there is sufficient evidence to establish a right to compensation in Cochran for its care. Letters to him from Straight, requesting him to see that nobody carried off any parts of the mill and also to recover some that had been taken away, were introduced. But Cochran set up other claims, damages for failure to saw his timber, loss of the mill shed which he says he was to have on the removal of the mill and the rental of a house standing in such close proximity to the mill and the debris around it that he could not rent it, on account of danger of fire. He had also expended some time and money in efforts to locate and recover certain parts of the mill which had been carried away. In his itemization of his claim in his testimony, he puts in $50.00, value of lumber lost by allowing its use as a shed to protect the mill, $24.00, loss of rental of the house, and a considerable amount for time and money spent in seeking recovery of the stolen property. He says his claim set up against the demand for possession of the mill did not include said last item, but asserts positively that he made a claim for compensation for taking care of the mill as the basis of his refusal to yield possession thereof. The value of his lumber and lost rental may not have been the true measure of his compensation, but it nevertheless remains that he testifies to his having claimed it. In this he was flatly contradicted and an issue for jury determination was thus made.

Whether the hirers of the mill for use for their own benefit could bind the owner by their subsequent contract of bailment to the defendant for care and preservation was, under the circumstances, a question for the jury. Painter was a member of the firm by whom this subsequent contract was made. Presumptively he knew where the mill was and the conditions. As owner and also a member of the firm leasing it, he must have had knowledge of the abandonment of the contract and insolvency of the firm and consequent necessity of some

arrangement for the preservation of the property. The jury could infer from these circumstances his assent to the subsequent contract of bailment with the defendant for his benefit.

The court gave two erroneous instructions at the instance of the plaintiff and this action was no doubt the ground on which it sustained the motion to set aside the verdict. The first one submitted to the jury questions of law as well as fact. It told them they should find for the plaintiff if they believed the defendant unlawfully withheld the property. The error in giving this instruction may not have been sufficient ground for the court's action, since it propounds no false, inapplicable or misleading direction as to the law. But the other one was prejudicial as well as erroneous. It told the jury they must find for the plaintiff if they believed the five year statute of limitations did not apply. The issue made on that statute, if any, was not the only issue, but the court treated it as if it were. If it applied, the jury might nevertheless find there was a right of retention for compensation in the defendant. The giving of this instruction undoubtedly justified the setting aside of the verdict.

Seeing no error in the judgment complained of, we affirm it.

*Affirmed.*