# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## WRIGHT v. COMMONWEALTH.

### March 13, 1913.

1. CRIMINAL LAW—*Grand Juries—Regular and Special Terms.*—Under the provisions of sections 3975 and 3978 of the Code, special grand juries may be summoned and impaneled at any regular or special term of the court when so ordered by the judge.

2. CRIMINAL LAW—*Felonies—Time for Trial—Continuance.*—Section 4016 prescribes that all felongy cases shall be tried at the term at which the indictment is found, unless good cause be shown for a continuance, but no time is required to elapse between the commission of an offense and the trial of a prisoner therefor, and the mere fact that a prisoner was indicted and put upon trial for rape forty-eight hours after its alleged commission is no ground for reversal. That matter is left to the sound legal discretion of the trial judge. Alleged want of time for counsel to consult authorities on the law of the case is not sufficient ground to support a motion for a continuance.

3. CRIMINAL LAW—*Felonies—Continuance.*—A motion to continue a felony case is properly overruled when no evidence is offered in support of the motion, and it is not claimed that delay would enable the prisoner to procure any evidence in his defense.

4. CRIMINAL LAW—*Change of Venue—Affidavit of Prisoner.*—The affidavit of a prisoner that local prejudice exists to such an extent that he cannot obtain a fair trial is not sufficient to support a motion for a change of venue. Facts and circumstances must be shown satisfying the court that a fair trial cannot be had.

5. APPEAL AND ERROR—*Criminal Case—Jury from Another County.*—The ruling of the trial court, refusing to order a jury from another county to try a criminal case, will not be reversed when it appears that an impartial jury was in fact obtained in the county fixed for the trial.

Error to a judgment of the Circuit Court of Appomattox county.

*Affirmed.*

The opinion states the case.

*Duncan Drysdale,* for the plaintiff in error.

*Samuel W. Williams, Attorney-General,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

At a special term of the Circuit Court of Appomattox county, held on the 29th day of June, 1912, Alfred Wright, the plaintiff in error, was indicted, tried, convicted and sentenced to be electrocuted for the crime of rape committed by him on the 27th of June, 1912, upon Mrs. Bertha Ferguson, of that county.

There was no error in the manner of convening this special term of the circuit court, nor in the summoning of the grand jury which indicted the prisoner. Special grand juries may be summoned and impaneled at any regular or special term of the court when so ordered by the judge. Code, secs. 3975, 3978.

The chief contention made here by the prisoner is that the circuit court should have sustained his motion to continue the case.

The Code, section 4016, prescribes that all felony cases shall be tried at the term at which the indictment is found, unless good cause be shown for a continuance. The record fails to show any sufficient ground for a continuance. Not a word of evidence was offered in support of the motion, and it was not claimed that delay would have enabled the prisoner to procure any evidence in his defense. After this lapse of time the only evidence now suggested is that of the prisoner himself, which, from the oral statement made at bar, tends rather to sustain the verdict of the jury than to exonerate the prisoner. But be that as it may, the pris-

oner was, of course, present at his trial and had every opportunity to speak in his own behalf, and for reasons satisfactory to himself did not speak, and he cannot now complain that his evidence is not before the court.

It is insisted that the time between the commission of the offense and the trial (forty-eight hours) was too short to enable counsel to investigate the facts and refresh himself upon the law of the case.

The facts were few and simple, and it is not pretended that time has developed any facts other than those adduced on the trial. Alleged want of time to consult authorities on the law of the case is not sufficient ground to support a motion for continuance. *Bland and Giles County Judge Cases,* 33 Gratt. (74 Va.) 443, 448. The State prescribes no time within which an accused shall be tried; that matter is left to the sound legal discretion of the trial judge. In this character of cases public interests of the highest and most sacred character demand a speedy trial, and the record before us furnishes no warrant for holding that the circuit court has abused its discretion in overruling the motion for a continuance.

We are further of opinion that the circuit court did not err in overruling the prisoner's motion for a change of venue, and in refusing to summon a jury from another county. All that was offered in support of these motions was the affidavit of the prisoner that he could not obtain a fair trial in Appomattox county on account of the prejudice existing against him, based on abhorrence of the crime charged, and a universal belief of his guilt. The opinion of the accused that local prejudice exists is not sufficient to support a motion for a change of venue. Facts and circumstances must be shown satisfying the court that a fair trial cannot be had. *Joyce's Case,* 78 Va. 287, 289-90; *State v. Madison,* 49 W. Va. 97, 38 S. E. 492.

This court will not reverse the ruling of a trial court

refusing to order a jury from another county to try a criminal case, when it appears that an impartial jury was in fact obtained in the county fixed for the trial. *Bowles' Case,* 103 Va. 816, 48 S. E. 527. In the record of the case at bar there is nothing to suggest that the jury was prejudiced or that the prisoner did not have a fair and impartial trial.

We find no error in the judgment complained of, and it is affirmed.

*Affirmed.*