# CHARLESTON.

### E. T. STALLARD v. R. T. STEPP *et al.*, PARTNERS ETC.

### Submitted April 18, 1922.    Decided April 25, 1922.

1. APPEAL AND ERROR—*Judgment of Circuit Court on Appeal from Justice's Court Not Reversed for want of Proper Joinder on Special Issue.*

   In a case originating in a justice's court, and tried de novo on appeal to the circuit court, the judgment of the circuit court will not be reversed for want of proper joinder on a special plea and informality in the submission of the issues to the jury, the record showing that the case was fully tried as if on issue properly joined on the pleas.    (p. 62).

2. SAME—*Where no Damages are Awarded for Unlawful Detention, Judgment for Plaintiff Will Not be Reversed for Improper Evidence as to Damages.*

   In an action of detinue where no damages are awarded by the jury for the unlawful detention of the property, the judgment for plaintiff will not be reversed for error in admitting improper evidence on the question of damages.    (p. 63).

3.  BAILMENT—DETINUE—*Party Providing Material and Labor on Automobile at Owner's Request Has Lien, and May Retain Possession.*

A mechanic or artisan providing material and performing labor on an automobile at the request and direction of the owner has a common-law lien thereon for the value of such material and labor properly done, and the right to retain possession thereof until paid; and in such action there can be no cross action by defendant. The sole question in such a case is the right to possession of the property.  (p. 63.)

Error to Circuit Court, Mingo County.

Action in detinue by E. T. Stallard against R. T. Stepp and others, as partners, for possession of an automobile, brought in the justice court. Plaintiff gave bond and took possession of the machine, and judgment was rendered that he retain the possession thereof, and the defendants appealed to the circuit court, where the case was tried de novo on a general plea of non detinet. Judgment for plaintiff, and defendants bring error.

*Reversed and remanded.*

*Thomas West,* for plaintiffs in error.
*John H. Greene,* for defendant in error.

MILLER, JUDGE:

Plaintiff brought an action of detinue in a justice'c court against defendants to recover possession of an automobile which he had some two or three months prior delivered into their possession for repairs to be made thereon. At the commencement of his action he gave bond and took the machine into his possession. The judgment of the justice was that he retain the possession thereof and recover his costs. From this judgment the defendants took an appeal to the circuit court, where the case was tried *de novo* upon the general plea of non detinet, and a special plea in writing setting forth that prior to the institution of the suit defendants were engaged in the business of repairing and selling automobiles under the firm name of Auto Sales and Repair Company; that plaintiff had employed them to repair the ma-

chine sued for,. and to furnish materials therefor; that he had delivered the same into their possession for that purpose; that they had performed labor thereon and had furnished repair materials and parts therefor, of the total value of $191.94, no part of which had been paid; that plaintiff justly owed them this sum for the work performed and the materials so furnished; and that they claimed a lien on said automobile and a special property therein, and the right to possession thereof until said sum should be paid them, which they were ready to verify.

The order of the circuit court filing this plea describes it as one ''setting up their account for money due for material furnished and labor performed on the automobile described in the summons herein, *and issue is thereon joined.''*        On the trial the verdict of the jury was: ''We the jury, find for the plaintiff and fix the value of the automobile sued for in this action at Two Hundred and Fifty ($250.00) Dollars.''        The judgment of the court complained of was that plaintiff being in possession of the machine, should retain the same, and that defendants take nothing on account of the material furnished and labor performed thereon, and that plaintiff recover against them his costs.

Two or three points of error suggested here are based on the pleadings and the supposed lack of issue joined thereon. Where cases originate in justices' courts, the same formalities in pleading required in cases originating in the circuit courts are not required.        The first suggestion is that it was error to try the case without issue joined on  appellants' special plea.        There was an attempt by the order to do so. If however the informal pleadings and the subsequent proceeding thereon were the equivalent of such an issue, the point is inconsequential, and the second suggestion of counsel, that it was improper to swear the jury on an issue not joined on the plea, is without force.        We have decided that where the record fails to show that any issue was formally joined, in a suit originating in a justice's court, but does show, as in this case, that the case was fully tried as if issue had been joined, such failure to join issue is not reversible error.

*Security Bank Note Co.* v. *Shrader,* 70 W. Va. 475; *Simp-kins* v. *White,* 43 W. Va. 125. See also *Bachinsky* v. *Federal Coal & Coke Co.,* 78 W. Va. 721.    We think there is no merit in these points of error.

It is quite true as counsel says that the plea setting up defendants' rights was an issuable plea, but in a justice's court their rights might have been presented by an oral plea. They were presented before the justice in the form of an affidavit; and the case there tried without formality of issue.    There can be no question that defendants had a common-law lien on the property for their labor and material, if these were of value or ordered by plaintiff.    *Caroway* v. *Cochran,* 71 W. Va. 698.

The third point, that plaintiff on the question of damages was permitted to testify as to the amount paid counsel for services in the suit, is quite inconsequential.    The jury awarded him no damages, and he is not complaining here. Defendants were in no way prejudiced thereby.

The remaining errors assigned and relied on are all comprehended in the question whether on the showing made by the defendants they were entitled to retain possession of the automobile until their claim was settled.    The theory of the plaintiff seems to have been, not that defendants had not provided the materials and performed the work as alleged in the plea and shown by the evidence; this was admitted; but that they had not made the same valuable to him in the improvement or betterment of the machine, and therefore were not entitled to assert their lien on the property for this reason.    Defendants show that the machine was brought into their shop by other power and went out on its own power, and to that extent at least was improved.    It was also fully proven that the machine was an old model, and the engine practically worn out; that when the engine was taken down its worn out condition appeared, and that defendants went about the repairs cautiously and would not order the necessary parts until they were advised and directed by plaintiff to do so; and they swear they did the best they could with skilled mechanics and the materials ordered to put the machine in good condition; but that finally plaintiff refused to authorize the ordering of other necessary

and additional parts, and that it was then he demanded the machine and refused to pay for the parts that had been ordered and the labor done on the machine. Plaintiff swears that before removing the machine he offered to permit defendants to remove the new parts from the machine, and to give bond to answer any judgment they might recover against him, which was declined. Of course defendants were not bound to accept the offer and surrender the machine. If plaintiff ordered them to provide the material and do the work, these at least had some value, and the defendants had the right to retain the machine until this material was paid for, together with the value of the work and labor performed, if of any value.

The only issue before the jury in a case of detinue is the right to the possession of the property sued for. This we decided in effect in *Caroway* v. *Cochran, supra.* That case holds that in an action of detinue there can be no cross action against the plaintiff for compensation for the care and keep of the property, but such a claim gives right of detention, the amount thereof being the subject of a judgment and not a matter in issue in the detinue case. This is the rule unless otherwise provided by statute. 25 Am. & Eng. Enc. Law, 579-580.

Defendant had the right to maintain by possession his common-law lien. *Keystone Mfg. Co.* v. *Close,* 81 W. Va. 205. Section 12, chapter 75 of the Code, which provides a cumulative remedy for enforcing his claim by distress, does not abrogate or change his common-law right.

We reverse the judgment, set aside the verdict, and remand the cause for a new trial.

*Reversed and remanded.*