R. V. BAKER, *Admr. v.* BANK OF MILTON *et al.*

(No. 8792)

Submitted October 25, 1938.    Decided December 8, 1938.

*E. J. Wilcox,* for plaintiff in error G. A. Rogers.
*John E. Jenkins,* for defendant in error.

FOX, JUDGE:

R. V. Baker, administrator of the estate of C. A. Johnson, deceased, instituted an action of detinue in the circuit court of Cabell County against the Bank of Milton,

to recover the possession of a negotiable promissory note for $4,000.00, dated the 9th day of April, 1924, executed by (Mrs.) G. A. Rogers and payable to bearer on October 1, 1927. The defendant bank filed an affidavit in which it disclaimed title to the note and stated that the same was claimed by G. A. Rogers. Thereupon the said G. A. Rogers was required by the court to appear and state the nature of her claim, which she did by filing her petition, setting up a claim to ownership, and her right to the possession of the note, and was by the court made a party defendant in said action. To a judgment based upon a jury verdict, awarding possession of the note to the plaintiff, the said G. A. Rogers prosecutes this writ of error.

On April 9, 1924, G. A. Rogers executed to M. P. Wiswell, trustee, a deed of trust on thirty-four acres of land located in Cabell County, to secure payment of the $4,-000.00 note in controversy. On the same day, she executed another deed of trust on the same tract of land, and to the same trustee, to secure payment of five notes aggregating $4500.00, executed by her and payable to the order of her father, R. S. Chambers. Both of these deeds of trust were recorded in the office of the clerk of the county court of Cabell County on April 15, 1924, and the deed of trust securing the $4,000.00 note was mailed by the clerk to C. A. Johnson at Milton, West Virginia.

Prior to these transactions, and in the year 1921, C. A. Johnson moved from Huntington to a farm near Milton, where he resided in the same house with G. A. Rogers until 1933, when he returned to Huntington. In 1926, on three separate occasions, he borrowed from the Milton National Bank, whose assets were later taken over by the Bank of Milton, $700.00, $1500.00 and $200.00, for which amounts he gave separate notes. These notes, representing this indebtedness, were consolidated into one note of $2400.00 on April 27, 1927. Some time in 1927, Johnson was required to secure his indebtedness to the bank and did so by depositing therewith the $4,-000.00 G. A. Rogers note which he endorsed, and filed with the note the deed of trust securing the same. On August

27, 1937, Johnson paid $100.00 on the principal of this in-debtedness. Later G. A. Rogers, at the instance of her father, R. S. Chambers, conveyed the land securing said note to Hattie Wheeler, and Chambers, as part of the consideration for said conveyance, assumed the payment of the $2300.00 balance due on the Johnson indebtedness, which balance was afterwards, in 1935, paid by Chambers' administrator. In the meantime, to carry the indebtedness, G. A. Rogers was, on September 25, 1932, substituted as the maker on a note for said balance, in the place of Johnson, and R. S. Chambers became endorser thereon. Some time afterwards, Chambers released the deed of trust which had been given to him to secure the indebtedness of $4500.00. Notwithstanding the payment of the $2300.00 note, to secure which Johnson had deposited the $4,000.00 note, the defendant bank retained possession thereof. On April 6, 1937, Johnson asked that the note be delivered to him, but the same was not delivered as requested by reason of the claim of G. A. Rogers thereto. Thereafter, during the same year, Johnson died.

We are of the opinion that notwithstanding the verdict of the jury, the claim of the plaintiff to the note in question is not sustained by the record. In the first place, while it is a general rule that prior possession of property by a plaintiff in a detinue action is sufficient to sustain the action against one who cannot show a higher right of possession, (*Justice* v. *Moore,* 69 W. Va. 51, 71 S. E. 204; 16 Am. Juris., subject Detinue, section 3; *Maxler* v. *Hoch,* 233 Pa. 316, 82 Atl. 251, Ann. Cas. 1913B, 559) this rule should not be extended to give to a personal representative the right to the possession of a note or other property, merely because his decedent may have had prior possession thereof, in the absence of a showing that the same is an asset of the estate. A personal representative is entitled to administer only the estate of his decedent. The evidence tending to show that Johnson was acting as the agent of G. A. Rogers in hypothecating the note in question with the Milton National

Bank is uncontradicted, and the same is true with respect to the testimony that Johnson, in his life-time, said that the note belonged to G. A. Rogers. In addition to these positive statements, the circumstances strongly support the theory that Johnson was acting as the agent of Rogers in these transactions. There is evidence tending to show that the money which Johnson borrowed was used to improve the thirty-four acres of land owned by Rogers, and it is clear that Rogers paid the Johnson indebtedness by the conveyance of the thirty-four acres of land to Hattie Wheeler, at the instance of her father, R. S. Chambers. No reasonable explanation appears in the record as to why G. A. Rogers paid this indebtedness, unless it be the assumption of a relationship of principal and agent between these parties.

Detinue is a possessory action. It lies for the recovery of any personal property capable of specific identification. 16 Am. Juris., subject Detinue, section 2. *Hefner et al.* v. *Fidler*, 58 W. Va. 159, 52 S. E. 513, 3 L. R. A. (N. S.) 138, 112 Am. St. Rep. 961, is authority for the proposition that an action of detinue will lie to recover a promissory note, but that case holds that a plaintiff must have property in the thing sought to be recovered, the right of its immediate possession, and it must have some value. That action was to recover the possession of a note which the plaintiff contended grew out of a transaction which he was entitled to rescind, and it is therein argued that such a note in the hands of a maker would have no value and could not therefore be recovered by him. Under this holding, it may be contended that there can be no recovery in detinue by the maker of a note which has been paid. The record in the case at bar does not show payment of the note in question, unless the payment of Johnson's $2300.00 obligation, under the circumstances, amounted to a payment thereof. The claim of Rogers is based upon the theory that Johnson was her agent, and never at any time had any individual property right in the $4,000.00 note, other than to protect himself on the notes he executed with said note as collateral. It

is clear that a promissory note, to be recoverable, must have some value, but to hold that the possession of such a note, even though paid, does not have an element of value, accruing to the maker thereof, sufficient on which to base an action of detinue, in our opinion carries the doctrine too far. So long as such a note is outstanding, the holder may institute suit thereon, and compel the maker to defend; possession of the note, as some assurance against claims based thereon, is certainly an element of value. In *Savery* v. *Hays,* 20 Iowa 25, 89 Am. Dec. 511, it was held that "The maker of a promissory note which has been paid off, may bring and sustain an action of replevin to recover the possession thereof." We assume that the same rule would be applied in an action of detinue. We are not persuaded that the doctrine contended for in the *Hefner* case should be applied in its strictness to the case at bar.

There is another reason why the doctrine contended for in the *Hefner* case should not be applied to the situation before us. Here, the action was instituted by one claiming the possession of a promissory note, which to him would be of value if recovered; the party against whom that suit was instituted appeared and, while admitting possession of the note, disclaimed any claim or interest therein, and disclosed the fact that the note was claimed by a third party; that party, G. A. Rogers, the maker of the note, was by the court brought into the proceeding and required to state the nature of her claim to the note, which she did by filing her petition; the court then, upon her request, submitted the issue raised as to the possession of this note to a jury, and evidence was heard upon that question. This proceeding is based upon our statute, Code, 56-10-1. The very purpose of bringing G. A. Rogers into the case was to determine whether the possession of the note in question should be transferred to the plaintiff or G. A. Rogers, when it left the hands of the party having actual physical possession thereof, but who made no claim thereto. We think the court had the right to enter a judgment determining

who was entitled to the note and deliver its possession to that person, regardless of any value which the note might have in the hands of either party. To say that in such a proceeding, specifically provided for by statute, the court could do everything except make effective its judgment upon the precise thing in issue, does not conform to what we think ought to be done in cases of this character. The court having required G. A. Rogers to present her claim, and the plaintiff presenting his claim, the jury had a right to determine as between the two, and its verdict, if sustained by the evidence, should have been followed by a judgment of the court directing the delivery of the note in question to the person entitled thereto. In this case the jury found plaintiff to be entitled to possession of the note upon evidence which we think fails to support its verdict, and the same should have been set aside.

It follows that the judgment of the circuit court will be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*

KENNA, JUDGE, dissenting:

An action of detinue determines nothing more than the right to possession. Originally, it had nothing to do with intangible personal property.

Physical personalty obviously has value, but the question of value is not so simple to answer when a written instrument is being considered. The action of detinue lies to recover "deeds and writings". Stephen on Pleading, p. 47. See also, Vol. III Coke on Littleton 340. This is in recognition of their intrinsic value—not of a value they evidence. Without attempting to go into the detail of the rules historically, it may be said with certainty that detinue by a person claiming the right to enforce the liability on the paper now lies to recover the possession of negotiable paper. In other words, the person who claims a right to recover under the instrument is the

person to whom it has value and is the only one who may recover it in an action of detinue. Laying down this rule does not mean that the right to recover on the instrument will be adjudicated in an action of detinue, although, of course, the same circumstances that affect that right are of probative value on the right to possession.

There is no contention that Johnson was not entitled to the possession of the four-thousand dollar note secured by deed of trust upon the lands of G. A. Rogers when he delivered that note to the Milton National Bank. The note was payable to bearer and his right to the possession at that time was not, and is not, questioned. Upon payment of the collateral note, the right to possession of the note pledged to secure it would revert to the pledgor. The pledgor's administrator has taken the position that the pledged note evidences a recoverable debt which is an asset of Johnson's estate and of value to it. The maker of the note takes the position that Johnson was only her agent, that her debt that the four-thousand-dollar note was deposited to secure has been paid and, consequently, that she, the maker, is entitled to the possession of the outstanding paper. If issues of that kind can be raised in an action of detinue, it necessarily means that in that action the beneficial ownership of the property is involved, and the subject matter of the action is expanded beyond trying merely the right to possession.

Mrs. Rogers' position is that this note never at any time represented an indebtedness which she owed, yet she permitted it to go to the Milton National Bank as representing an outstanding debt of hers. Mrs. Rogers' contention is that Johnson was her agent, and there is a substantial showing that she, at the time the note was pledged, was the undisclosed principal whom Johnson represented. The result of this theory, however, is that, considering Mrs. Rogers as a claimant of the promissory note, the basis of her claim destroys its value, which, of course, means that the recoverable right has become more than a collateral issue and has become the sole question involved. It is possible that Johnson's administrator is

right in asserting that he has a material interest in the note, and that Mrs. Rogers is also right in saying that she is not obligated to pay the face value of the note. In delivering it to the Milton National Bank, possibly Johnson was acting under an agency coupled with an interest. These, however, are not questions which should be determined in an action of detinue. *Hefner et al.* v. *Fidler*, 58 W. Va. 159, 52 S. E. 513, 3 L. R. A. (N. S.) 138, 112 Am. St. Rep. 961. It is my belief that the rule of procedure, in a matter of this involvement, should be to take but one step at a time. I think that when the issues have been decided in this action of detinue, determining only the right to possession, thereafter an action should lie for the purpose of deciding the right to recover on the note in question. This would be the result of applying the rule that detinue will not lie for the recovery of personal property which is without value. A person whose pleadings place him in the position of advancing facts that show the intangible personal property involved to be without value, is not a proper party to an action of detinue and should be dismissed when the record discloses that situation.

As to the question of whether the note is an asset of the Johnson estate and the question of whether his administrator has the right to its possession, I cannot agree that the questions are the same. The estate of a decedent includes, necessarily, claimed causes of action. It is the duty of the personal representative of decedents to settle such claims. They must acquire possession of documentary evidence of indebtedness to which they have a lawful right. Furthermore, they must, in a proper case, invoke the aid of the courts in order to determine what are and what are not assets of decedents' estates. Uncontradicted, Johnson's administrator has made out a case entitling him to possession of the note. With Mrs. Rogers dismissed, judgment in his favor for possession of the note should be entered. I do not think that the personal representative's right to recover on the indebtedness should be determined before his right to the pos-

session of the documentary evidence thereof is passed upon.

I think that the judgment of the Circuit Court of Cabell County should be affirmed, but that Mrs. Rogers should be awarded costs upon this writ of error, as well as upon the proceedings in the Circuit Court, because she was required to become a party and her answer discloses that in an action having nothing to do with the merits or the recoverable right on the note in question but only concerning its possession, she was not a proper party. Such a judgment, I think, would result in no impairment of either the right to recover on the note or of any defense which might be asserted against that recovery. It could be explicitly so stated in the order of judgment.