R. V. Baker, *Admr., etc. v.* Bank of Milton, *a Corporation, et al.*

(No. 8928)

Submitted October 24, 1939. Decided December 5, 1939.

*E. J. Wilcox,* for appellant.
*John E. Jenkins,* for appellee.

MAXWELL, JUDGE:

This is an action of detinue for possession of a promissory note. The plaintiff is R. V. Baker, administrator of the personal estate of Charles A. Johnson, deceased. The defendants are the Bank of Milton and Georgia A. Rogers. To a judgment of the circuit court, based on verdict for the plaintiff, the defendant Rogers has obtained this writ of error.

It is the second judgment which has been rendered in this case for the plaintiff. On prior writ of error the first judgment was reversed, verdict set aside, and the case remanded for a new trial. *Baker* v. *Bank of Milton,* 120

W. Va. 788, 200 S. E. 346. Point one of the syllabus of that decision reads: "Before recovery may be had in an action of detinue for the possession of a promissory note, instituted by the personal representative of a deceased prior possessor thereof, there must be a showing that the note is an asset of the estate of the decedent."

Reference is here made to the former opinion for full statement of the facts. However, the situation in epitome is this: The note is for the sum of $4,000.00, dated April 9, 1924, executed by Georgia A. Rogers, payable to bearer October 1, 1927, with interest. On May 20, 1926, Charles A. Johnson placed this note in Milton National Bank (predecessor of defendant bank) as collateral security for a note of $2400.00 executed by him to the bank. Later, the Johnson debt was fully paid but the bank retained possession of the collateral note because of conflicting claims thereto. The purpose of this case is to settle the controversy which has arisen between the administrator of Johnson, now deceased, and Georgia A. Rogers, respecting the ownership of the $4,000.00 note. It is the position of the plaintiff that the note constitutes an asset of the estate of the decedent. It is Georgia Rogers' contention that the note did not represent a debt owing by her to Johnson, but was executed merely as a matter of convenience to enable Johnson to use the same for collateral security for the procurement of money to be used in making improvements on her farm whereon she and Johnson resided near the town of Milton.

At the first trial there was no showing of consideration for the execution of the $4,000.00 note by Georgia Rogers—nothing to ground the note as an asset of Johnson's estate—hence the reversal and the syllabus point above quoted. But this time the situation is different because of the introduction by the plaintiff of new evidence pertaining particularly to the circumstances attending the acquisition of the farm mentioned. It was conveyed to Georgia Rogers by Charles W. Sutton and wife by deed of April 7, 1924. There is no dispute that the consideration was $8500.00.

On both trials the evidence for Georgia Rogers tended to establish that the full amount of the consideration which passed to Sutton was paid by the grantee and her father, R. S. Chambers, and that Johnson paid no part thereof. At the first trial, Charles W. Sutton was not a witness, but, his whereabouts having later been ascertained by the plaintiff, he was introduced as a witness for the plaintiff at the second trial. Sutton testified that of the consideration which was received by him for the farm Johnson paid in notes and cash about $4,000.00. Obviously, it was within the jury's province to give credence to the testimony of Sutton rather than of Georgia Rogers, and, taking the factual basis, as testified by Sutton, that Johnson paid approximately $4,000.00 of the price for the farm, there is clear background for the $4,000.00 note which was executed by Georgia Rogers two days after she received the deed for the farm.

Under the later development of the case, the jury was justified in the conclusion that the note is an asset of Johnson's estate and that recovery of possession should be had by his administrator. Alleged errors respecting evidence and plaintiff in error's instruction refused are inconsequential.

Perceiving no prejudice, we affirm the judgment.

*Affirmed.*

KENNA, JUDGE, concurring:

I concur in the result reached by the opinion of the Court, but disagree with the method of reaching that conclusion. As I undertook to state in the dissenting memorandum filed in the former hearing of this case (120 W. Va. 788, 200 S. E. 346), I do not think that the plaintiff in an action of detinue brought for the purpose of recovering possession of a promissory note should be required to prove his right to recover the amount represented by the note, even when that right is questioned. The legal, not the equitable, right to the possession is all that is involved. Otherwise, the result of an action of

detinue is extremely likely to involve protracted litigation without reaching a definite conclusion upon the main issue permitted to be heard, as I believe this case has done. The plaintiff has established his right to recover from the defendant the full amount that the note represented, and the defendant, presumably, presented her entire defense. Yet the judgment is not for the amount of money in controversy, but awards the administrator nothing more than possession, the note being in the actual possession of the court. Even under the theory advanced in the majority opinion, I suppose that the judgment cannot be set up as *res adjudicata* against Mrs. Rogers if, and when, the administrator undertakes to enforce the note's collection, and that in an action of debt brought later by the administrator involving the identical testimony a jury could reach a different conclusion than that upon which this judgment is based. Detinue, I think, lies for the goods or their value, but not for the value evidenced by intangible personalty.