# CIRCUIT COURT OF THE CITY OF ROANOKE

Bobby Ray Combs

v.

Norfolk & Western Ry.

May 8, 1997

Case No. CL95-748

BY JUDGE ROBERT P. DOHERTY, JR.

In this FELA case, Defendant railroad has moved for a continuance of at least six months, or in the alternative, a change of venue, claiming that the adverse publicity it has received during the past several weeks concerning another pending case makes it impossible to seat an unbiased jury and/or have a fair trial in this case. Plaintiff opposes any continuance or change of venue and cites *Macpherson v. Green*, 197 Va. 27 (1955), for the proposition that there must be proof that a fair trial cannot be had before a change of venue can be granted. Plaintiff further argues that any delay in going to trial unfairly postpones his potential recovery of damages. The Court is not convinced that a delay or change of venue is warranted in this case.

The Plaintiff's position in the case in chief is that he was injured while making a template for a railroad toilet. The evidence presented by the railroad at the hearing for a change of venue and/or continuance included a video tape of a local television station's serial news story about toilet facilities on Defendant's trains. The film included reports that Defendant's employees routinely throw human waste encased in plastic bags from moving trains as an alternative to storing the material in containers until the train reaches its destination. The railroad's evidence also included an audio tape of an unflattering song a local radio station has been playing concerning the Defendant's human waste disposal. Both the audio and video broadcasts have occurred within the past two weeks. The case concerning Plaintiff's injury is set to be tried within the next two weeks. Defendant believes that a jury will

adversely connect the fact that a toilet is involved in this case with the publicity it has recently received.

The Defendant's evidence is not sufficient to cause a trier of fact to reasonably believe that an unbiased jury cannot now be found in the City of Roanoke to hear this case or that a fair trial cannot be obtained. The connection between the media broadcasts and this case are limited at best. The fact that the Defendant feels that its reputation in the community may have suffered or that publication of its corporate spending and income figures may give some sort of advantage to the Plaintiff amounts to nothing more than speculation. To insure fairness, the Court will arrange for additional citizens to be called for jury duty on the date of trial. The Defendant will be given the opportunity to conduct an appropriate *voir dire* so that impartial and objective jurors are chosen.

The Defendant's motion for a continuance or a change of venue is denied.