## WIARD *v.* SEMKEN.

PLEADING AND PRACTICE; DETINUE.

1. Where a declaration in *detinue* states a bailment to the defendant and his engagement to redeliver upon request, and the defendant pleads the bailment as a security for a debt, the plaintiff may reply, by way of confession and avoidance, without being guilty of a departure, that the pledge was procured by the defendant by fraud.
2. The gist of the action of *detinue* is the wrongful detainer and not the original taking, and the allegation of bailment is mere matter of inducement and is not traversable.

No. 50. Submitted December 5, 1893.—Decided February 19, 1894.

HEARING on an appeal by the plaintiff from an order of the Supreme Court of the District of Columbia, holding a law term, striking from the files a replication to a plea in an action of *detinue. Reversed.*

The FACTS are sufficiently stated in the opinion.

*Mr. John Johns* and *Mr. M. B. Gerry* for the appellant.

*Mr. R. Ross Perry* for the appellee:

Reference to the judgment of the Supreme Court of the District of Columbia in this case (19 D. C., 475), which judgment must be taken as *res judicata* as between these parties, will show that it has been finally determined that the issue of fraud cannot be raised in this case. The plaintiff has averred a voluntary bailment on November 1, 1875. The defendant denied any bailment on that date and pleaded a pledge on November 27, 1875. If the plaintiff desired to take issue upon the question of a voluntary bailment on November 1, as against a pledge on November 27, she could have traversed this plea. Instead of doing this she confessed the pledge and attempted to avoid it by alleging fraud in its obtainment. This the court in general term declared a departure. In the second replication the attempt is made to avoid this judgment by alleging that the pledge was made some days after the alleged voluntary bailment, and that therefore the plaintiff's declaration based upon a voluntary bailment cannot be defeated by a plea of a subsequent fraudulent pledge.

But to this attempt there are several conclusive objections:

1. The plaintiff has, by her former plea of confession and avoidance, confessed that this plea of pledge is an answer to her declaration, and has endeavored to avoid its effect by alleged fraud. While this replication has been stricken out, its effect still remains; it is an estoppel by record against her to allege anything contrary thereto in any subsequent pleading. Therefore her cause of action originally was based upon a fraudulent pledge and not upon a voluntary bailment.

2. It is an attempt to make an immaterial averment a material one. Whether the voluntary bailment was made on November 1 or November 27 is *prima facie* absolutely immaterial, and the replication fails to show its materiality.

Suppose that in fact a voluntary bailment had been made November 1, and that on November 27 this voluntary bailment had been changed into a pledge obtained by fraud. A refusal to deliver at any time subsequently must be referred to the fraudulent pledge in which the voluntary bailment is merged. The fact that a voluntary pledge was made on November 1 is irrelevant to the issue: fraudulent pledge *vel non* at any date within the period of the statute of limitations. The test is just here: suppose we try this question of fraudulent pledge *vel non* on November 27, what effect will its termination either way have upon the question still remaining unanswered—voluntary bailment *vel non* on November 1?

3. No matter when the alleged fraudulent pledge was made, the plaintiff's cause of action as declared on was on June 2, 1888, a detention of a chattel voluntarily bailed. But by her replication she shows that her real cause of action was a fraudulent detention of the same article. But this is the exact point determined by the judgment of the court in general term adversely to the plaintiff.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an action of detinue. The plaintiff complains of the defendant that he refuses to render to her, and unjustly detains, a certain chattel of the value of $1,350. The allegation is that on November 1, 1875, the plaintiff delivered to the defendant a certain diamond locket of the value of $1,350, *to be redelivered to the plaintiff whenever the same should be required;* and although the defendant was, on the 1st of June, 1888, requested by the plaintiff to redeliver to her said chattel, the defendant has hitherto wholly refused, and still refuses, and unjustly detains the same from the plaintiff; and the plaintiff claims a return of said chattel, or its value, and damages for its detention.

This is an old common law action, not much resorted to in modern practice. It lies for the wrongful *detainer* of

specific goods or chattels. · The gist of the action is the *wrongful detainer,* · and not the original taking. It lies against a person who has the actual possession of the chattel and who acquired it by lawful means, as by bailment, delivery or finding. In Fitzherbert's *Natura Brevium,* 138, it is laid down that " a writ of·detinue lieth in case where a man delivereth goods or chattels unto another to keep, and afterwards will not deliver them back again; then he shall have an action of detinue of those goods and chattels."

It is said that, in the case of a special bailment, it is proper to declare, at least in one count, on the. bailment, and to lay a special request. *Kettle* v. *Bromsall,* Willes, 120 ; *Mills* v. *Graham,* 4 Bos. and Pul., 140. But it is now well settled that the allegations of bailment and finding in this action are mere matters of inducement, and are not traversable. Hence, the plaintiff may declare on a bailment to redeliver on request, and yet in his replication rely on a different bailment. *Gledstane* v. *Hewitt,* 1 Cr. & J., 565; 1 Chitty Plead. (16th Ed.), 139. The declaration, as we have seen, consists of. a single count, and that is upon a bailment for a redelivery upon request.

The defendant pleaded four pleas: 1st. That, at the time the cause of action accrued, the plaintiff was, and still is a *feme covert.* 2d. That the locket never was the property of the plaintiff. 3d. That the defendant did not detain the chattel, as alleged; and, 4th; that the locket was, by the plaintiff, who then had possession thereof, pledged with him, the defendant, on or about the 27th of November, 1875, as security for the debt of her *then* husband, which debt *still remains unpaid ;* that subsequent thereto the husband became bankrupt, and that the equity of redemption was in the assignee of the bankrupt, and that this right was still unredeemed.

There has been a considerable tangle produced in the case by the mode and form of pleading adopted. The case had been certified from the special to the General Term of the Supreme Court, for decision upon plaintiff's demurrer

to defendant's rejoinder ·of the statute of limitations. This demurrer was overruled by the Supreme Court in General Term. 19 D. C., 475. After this, the defendant moved to strike out plaintiff's replication of fraud, which has been interposed to the plea of pledge as security, and the subsequent pleading thereto, and which motion was granted. This would appear to have been done upon the idea that the replication of fraud in obtaining the pledge was a departure from the case stated in the declaration.

The plaintiff then filed a new replication to the defendant's fourth plea. In that replication it is alleged that as to so much of the defendant's fourth plea as pleads a pledge of said chattel by the plaintiff to the defendant, said pledge was made after the plaintiff had made the deposit of said chattel with the defendant as alleged in the declaration; and that the plaintiff was induced to make said pledge of said chattel on the 27th day of November, 1875, to the defendant, *by the fraud of the defendant.*

Upon motion of the defendant, this replication was stricken out, because, as supposed, it was a departure from the declaration; and from the order striking out this replication, the plaintiff appealed to the General Term of the Supreme Court, and from thence the case has been transferred to this court.

The principle would seem to be well established, that the gist of the action is not a breach of the contract of bailment, but the *wrongful detainer* of the goods or chattels sued for. Therefore, although a declaration in detinue has stated a bailment to the defendant, and his engagement to *redeliver on request*, and the defendant has pleaded that the bailment was a security for a loan, the plaintiff may, without being guilty of a departure, reply that he tendered the debt, and that the defendant afterwards wrongfully withheld the goods. 1 Chitty P. (16th ed.), 136.

This principle was distinctly held in the case of *Gledstane* v. *Hewitt*, 1 Cr. & J., 565. In that case, to a count in detinue, on the bailment of a promissory note to be redelivered

*on request,* the defendant pleaded that the plaintiff had deposited the note with him to be kept as a pledge and security for the repayment of a loan of £50; and it was held on demurrer, that the replication was good, and no departure. And so in the case of *Clements* v. *Flight,* 16 M. & W., 42, it was held that the bailment stated in the declaration in detinue, whether it be general or special, is mere surplusage, and not traversable, the gist of the action being the wrongful detainer of the plaintiff's goods. In that case, it is said in the opinion of the court, that " On reference to the late case of *Whitehead* v. *Harrison,* L. R., 6 Q. B., 423, and the authorities there referred to, and particularly *Gledstane* v. *Hewitt,* 1 Cr. & J., 565, and Brooks' Abr., Tit. Detinue, it seems that not only the common bailment, but any special bailment laid in a declaration of detinue, is merely surplusage, and not traversable, the gist of the action being the detainer of the plaintiff's goods, which the defendant must answer."

The allegation in the declaration being of a common bailment of the chattel to be redelivered on request, if the article in fact had been pledged as security for debt, it was necessary for the defendant to plead such pledge specially. Under the plea of *non detinet,* the defendant may prove that the goods are not the property of the plaintiff; but if he has a lawful excuse for the detention, as if the goods were pawned or pledged to him for money which has not been repaid, he must plead it. Co. Litt., 283*a,* Lord Coke says : " In detinue, the defendant pleadeth *non detinet ;* he cannot give in evidence that the goods were pawned to him for money, and that he is not paid, but he must plead it; but he may give in evidence a gift from the plaintiff, for that proveth that he detaineth not the plaintiff's goods "; and it was so held in *Richards* v. *Frankum,* 6 M. & W., 420.

Now, the defendant having pleaded the special bailment of the locket as a pledge to secure a debt, it was certainly competent to the plaintiff to reply, by way of confession and avoidance, any matter that would discharge the bail-

ment, whether it be by payment of the debt, or that the pledge was procured by fraud, and, therefore, the chattel was wrongfully detained as against the plaintiff. The wrongful detention, as we have seen, is the gist of the action; and any matter that shows that the chattel is wrongfully detained, as would be the case if the pledge pleaded as an excuse for the detention had been obtained by fraud, as alleged in the replication, would be no departure from the case stated in the declaration. The averment in the declaration, that the plaintiff delivered the chattel to the defendant to be redelivered on request, is not material or traversable (*Whitehead* v. *Harrison*, L. R., 6 Q. B., 423), and hence it does not preclude the plaintiff from replying fraud to the plea of pledge of the chattel for debt.

We think it was error in the court below to strike out the replication; and we must reverse the order of the justice at special term striking out such replication, and remand the cause that the replication may be answered, and the cause proceed to trial in due course.

*Order reversed and cause remanded.*