## INTERSTATE COMMERCE COMMISSION v. FRYE.

### No. 54—Civ.

District Court, D. Massachusetts.

Feb. 13, 1939.

John A. Canavan, U. S. Atty., and Robert W. Meserve, Asst. U. S. Atty., both of Boston, Mass., and Jack Garrett Scott and Francis A. Silver, Attys., Interstate Commerce Commission, both of Washington, D. C., for plaintiff.

Jablonski & Siarkiewicz, of Worcester, Mass., for defendant.

McLELLAN, District Judge.

Pursuant, I assume, to Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, the plaintiff "moves that judgment be rendered for the plaintiff herein on the pleadings, on the

ground that the answer of the defendant on file herein shows that the plaintiff is entitled to the judgment prayed for in its complaint." This motion, having been placed upon the Motion List, was heard today.

The complaint contains three counts. Averments common to all the counts may be summarized as follows: The suit is brought under the Motor Carrier Act of 1935, as amended, and particularly under Section 222(b) thereof, U.S.C., Title 49, Section 322(b), 49 U.S.C.A. § 322(b). The defendant is engaged in the transportation of passengers for the general public in interstate commerce by motor vehicle for compensation between Massachusetts and Rhode Island, and was and is a common carrier of passengers by motor vehicle. The defendant daily, except Sundays, from August 1 to September 12, 1938, and from October 13 to November 12, 1938, inclusive, transported passengers from Worcester, Massachusetts, to Pawtucket, Rhode Island, and collected and received payment from each passenger so carried.

The first count alleges that the defendant had no such certificate of public convenience and necessity, issued by the Interstate Commerce Commission, as the Act requires, and no application for such certificate was on file with the Commission. It further alleges that unless restrained, the defendant will continue to transport passengers for the general public in interstate commerce by motor vehicle.

The defendant admits many of the averments common to all three counts. Notwithstanding the plaintiff's persuasive brief, I do not regard these admissions as inconsistent with the view that the defendant is not a common carrier. The defendant explicitly and I think effectively "denies that he is a common carrier subject to the provisions of the Motor Carrier Act, 1935, as amended." This Act classifies carriers by motor vehicles as common carriers, contract carriers and private carriers. It requires of common carriers only that they shall obtain the certificate of public convenience and necessity to which the first count of the complaint relates.

As to the first count, the plaintiff's motion for judgment on the pleadings is denied.

The second count of the complaint reiterates the allegations to the effect that the defendant is a common carrier and alleges that the defendant "had not filed with the said Commission and there was not on file with the said Commission, any tariff showing any rate or fare, or any evidence of concurrence by said motor carrier, in, or acceptance of, any rate or any fare applicable, or by the said motor carrier, so applied, to such transportation of the said passengers; that the said motor carrier has wholly failed and omitted to file with the said Commission, any tariff showing the rates and fares of the said motor carrier for transportation of passengers in interstate commerce over the aforesaid public highways and routes, for compensation." I have seen no provision in the Motor Carrier Act, and none has been called to my attention, requiring the filing of such a tariff by either contract carriers or private carriers. The requirement applies to common carriers only. The defendant denies that he was a common carrier.

The plaintiff's motion for judgment on the pleadings is denied so far as the second count of the complaint is concerned.

The third count of the complaint contains the allegations heretofore stated as common to all three counts, and also alleges that "there were and now are in force and effect rules and regulations duly and regularly prescribed and promulgated by said Interstate Commerce Commission pursuant to the provisions of Section 215 of the said Motor Carrier Act, 1935, providing that no motor carrier subject to the provisions of said Motor Carrier Act, shall engage in interstate or foreign commerce unless and until there shall have been filed with and approved by said Commission, and maintained in effect, a surety bond, policy of insurance, certificate of insurance, qualifications as a self-insurer or other securities or agreements, in not less than stated amounts, conditioned to pay, within the amount of said surety bond, policy of insurance, certificate of insurance, qualifications as a self-insurer or other securities or agreements, any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from negligent operation, maintenance, or use of motor vehicles *as a common carrier* (italics supplied) in the transportation of passengers in interstate commerce for compensation, upon the public highways, and for loss or damage to the property of others."

The language of Section 215 of the Motor Carrier Act of 1935 is not precisely as alleged in this part of the complaint. That section provides: "No certificate or permit

shall be issued to a motor carrier or remain in force, unless such carrier complies with such reasonable rules and regulations as the Commission shall prescribe governing the filing and approval of surety bonds, policies of insurance, qualifications as a self-insurer or other securities or agreements, in such reasonable amount as the Commission may require, conditioned to pay, within the amount of such surety bonds, policies of insurance, qualifications as a self-insurer or other securities or agreements, any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others." U.S.C., Title 49, Section 315, 49 U. S.C.A. § 315.

As heretofore stated, common carriers only require the certificate of public necessity and convenience. The Act requires of contract carriers a permit. I have seen no provision in the Act requiring either of private carriers. The whole theory of the plaintiff's complaint, applicable to the third count as well as the first two, is that the defendant is a common carrier. This the defendant denies.

As to the third count, the plaintiff is not entitled to the allowance of its motion for judgment on the pleadings.

The plaintiff's motion for judgment on the pleadings is denied and the issue whether the defendant is a common carrier must be determined as though the present motion had not been filed.