**ASSOCIATES DISCOUNT CORPORATION
v. CROW.
No. 7449.**

United States Court of Appeals for the
District of Columbia.
Decided Jan. 29, 1940.

William R. Lichtenberg and Joseph B. Danzansky, both of Washington, D.C., for appellant.

Lewis H. Fisher and George A. Hospidor, both of Washington, D.C., for appellee.

Before STEPHENS, VINSON, and RUTLEDGE, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from a judgment entered against the appellant, Associates Discount Corporation (hereafter called the defendant), requiring it to deliver to the appellee, James L. Crow (hereafter called the plaintiff), a certificate of origin for a Chrysler automobile. An additional party defendant, the Georgetown Motors Inc. (hereafter called the Georgetown Motors), was not mentioned in the judgment and is not a party to the appeal. The judgment was entered upon the pleadings alone. These consisted of a complaint, an answer and counterclaim, and an "answer" to the counterclaim. No findings of fact or conclusions of law were made by the trial court.

So far as we are able to determine from the pleadings, it was without dispute between the parties that: H. B. Leary Jr. & Bros. (hereafter called Leary & Bros.), a wholesale dealer in automobiles in the District of Columbia, was in possession of a certain Chrysler automobile and of a certificate of origin issued therefor by the Department of Vehicles and Traffic of the District of Columbia pursuant to the Motor Vehicle Title and Registration Regulations.[1] These regulations require certificates of origin and of title for automobiles. Leary & Bros. delivered the certificate of origin to the defendant and, with its knowledge and consent, delivered the automobile to the Georgetown Motors, this pursuant to an agreement between the latter and the defendant that the car would be displayed in a showroom of the Georgetown Motors for sale to the general public. The defendant had advanced money to the Georgetown Motors on the car. The Georgetown Motors never received the certificate of origin or a certificate of title for the car. The plaintiff "purchased" the car from the Georgetown Motors and demanded of the defendant the certificate of origin held by it. This the defendant refused to deliver except upon terms of reimbursement by the Georgetown Motors for the advance made upon the car.

It appears from the pleadings below and the briefs here that it was the contention

[1] These regulations were promulgated by the Commissioners July 18, 1931, under the Act of March 3, 1925, 43 Stat. 1119, as amended by the Acts of July 3, 1926, 44 Stat. 812, and February 27, 1931, 46 Stat. 1424, D.C.Code 1929, and Supp.I,T. 6, §§ 241–253.

of the defendant that the legal effect of the title and registration regulations is to render void any attempted transfer in the District of Columbia of title to an automobile, unless the transfer is made in strict compliance with the regulations—so that for lack of the required papers the Georgetown Motors obtained, and the plaintiff took, no title to the car involved in the instant case and the plaintiff was therefore in no position legally to demand of the defendant the certificate of origin. But to the contrary it appears that the position of the plaintiff was that the regulations referred to do not have the effect of making sales carried out without compliance therewith void, and that even if they do have such an effect, the defendant was estopped to set up the regulations against the sale and to claim title to the car and right to hold the certificate of origin in evidence thereof. As a foundation for the estoppel the plaintiff alleges in paragraph 3 of his complaint:

"3. That on the 10th day of December, 1938, the plaintiff purchased a 1939 Chrysler Automobile, the same being an Imperial Sedan, Serial No. 6744488, Engine No. C234376 from the defendant, the Georgetown Motors Inc., a retail dealer of automobiles in the District of Columbia, paying therefor the sum of $1,261.95 in cash. That the said automobile was delivered to the plaintiff bearing temporary dealers' tags. The sum of $3.00 was included in said purchase price to cover the cost of title, which the said Motor company promised to secure for the plaintiff in due course. Plaintiff avers that he purchased said automobile from the Georgetown Motors Inc. believing the said defendant to be the owner thereof, the same being displayed in its showroom for sale to the general public. That he was without knowledge either actual or constructive of the existence of any lien thereon."

Answering this the defendant in paragraph 3 of its answer:

". . . admits that the plaintiff purchased the automobile in said paragraph 3 but has no knowledge sufficient to form a belief concerning the payment therefor or any of the other allegations contained in the said paragraph 3."

Under rule 8(b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, "If he [a party] is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial." Thus there was left in dispute under the pleadings the character of the Georgetown Motors as a dealer, whether the car was paid for, whether it was delivered to the plaintiff, whether when so delivered it bore temporary dealers' tags, whether the Georgetown Motors for the sum of $3.00, or at all, promised to secure title for the plaintiff, whether the plaintiff believed at the time of the purchase that the Georgetown Motors was the clear owner of the car, and whether the same was at the time of the purchase being displayed in the Georgetown Motors showroom for sale to the general public. These allegations, which, laying aside matters of mere inducement, amount in substance and effect to the assertion that when the plaintiff purchased the car he did so for value, and reasonably and honestly believed that the Georgetown Motors was the owner thereof, were, together with the allegation, not in dispute that the car was put into the possession of the Georgetown Motors with the knowledge and consent of the defendant under an agreement that it would be displayed in the Georgetown Motors' showroom for sale to the general public, necessary to the plaintiff's attempt to establish a right to the car and the certificate of origin upon the theory of estoppel. See 2 Pomeroy, Equity Jurisprudence (4th ed. 1918) Section IX, and especially therein §§ 804, 805:

"§ 804. . . . Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person, *who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse,* and who on his part acquires some corresponding right, either of property, of contract, or of remedy." [Italics supplied]

Notwithstanding this state of the case, the plaintiff and the defendant each moved for a summary judgment. And the court, "Upon consideration of the motions for summary judgment on the pleadings filed by plaintiff and defendant, Associates Discount Corporation," entered a summary judgment—in behalf of the plaintiff and against the defendant.

But with material facts in dispute, the case was not in a condition for a full adjudication on the pleadings or for review. Rule 56 of the Rules of Civil Procedure contemplates that where there is "no genuine issue as to any material fact" the trial court may make a full adjudication upon the pleadings, but that where "material facts are actually and in good faith controverted" the court "shall . . . make an order specifying the facts that appear without substantial controversy" and direct "such further proceedings in the action as are just." It was therefore the duty of the trial court in the instant case to specify in a finding the facts that appeared from the pleadings without substantial controversy, and to go forward with the trial in respect of those which remained in dispute. It was further its duty, at the close of the trial upon the disputed facts, to make findings with respect to them and to make conclusions of law upon the whole case. Rule 52 requires that "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; . . ." Upon the necessity of findings see Boss v. Hardee, 1937, 68 App.D.C. 75, 93 F.2d 234.

The judgment of the trial court is

Reversed and the case is remanded for further proceedings not inconsistent with this opinion.