### GEIST v. PRUDENTIAL INS. CO. OF AMERICA.

#### No. 826.

District Court, E. D. Pennsylvania.

Nov. 27, 1940.

---

Thomas Z. Minehart, of Philadelphia, Pa., for plaintiff.

Frederick J. Shoyer, of Philadelphia, Pa., for defendant.

BARD, District Judge.

The plaintiff instituted suit against the defendant in the Court of Common Pleas for the County of Philadelphia, Pennsylvania, to recover as beneficiary under a policy of insurance issued by the defendant on the life of her son, William J. Geist, who died at Baltimore, Maryland, on the 8th day of March, 1939. Upon petition by the defendant, after the statement of claim had been filed and served, the suit was removed to this court. The defendant then filed an answer with new matter and the plaintiff filed a reply, as under the Pennsylvania Practice Act of 1915, P.L. 483, 12 P.S.Pa. § 382 et seq.

The defendant has moved for judgment against the plaintiff and in favor of the defendant on all the pleadings. Such a motion is authorized by Rule 12(c) of The Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723(c).

A judgment will not be rendered on the pleadings unless the right thereto is clear. All well-pleaded facts and all fair inferences to be drawn therefrom are admitted by the moving party. Ulen Contracting Corp. v. Tri-County Electric Coop., D.C., 1 F.R.D. 284. Finally, judgment is proper only when no material issue of fact is presented by the pleadings. Interstate Commerce Commission v. Frye, D.C., 26 F.Supp. 393; Phœnix Hardware Co. v. Paragon Paint & Hardware Corp., D.C., 1 F.R.D. 116.

In support of its motion for judgment on the pleadings, the defendant asserts that since none of the replies of the plaintiff to the averments set forth in the defendant's "affidavit of defense" (answer) is sufficient in law, judgment should be entered in favor of the defendant. This argument overlooks Section 38 of the Judicial Code, 28 U.S.C.A. 81: "The district court of the United States shall, in all suits removed under the provisions of this chapter, proceed therein as if the suit had been originally commenced in said district court, * * *". The pleadings in a case removed from a state court must, therefore, conform to the federal rules of practice. According to Rule 7(a) of the Federal Rules of Civil Procedure, "* * * there shall be a reply, if the answer contains a counterclaim denominated as such. * * * No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." The plaintiff's reply is, therefore, a superfluous pleading which in no manner binds the plaintiff or affords a basis for judgment on the pleadings. Therefore, its merits are of no concern. Central Trust Co. of Altoona, Pa., v. Second National Bank of Altoona, Pa., D.C., 1 F.R.D. 98.

There is no question as to the propriety of a judgment on the complaint and answer, except, of course, that due regard must be had for the qualifications to such judgments as above noted.

Concerning the pleadings which are properly before me, and which must afford the basis for judgment, the motion for judgment on these pleadings is founded on the ground that the complaint fails to state a claim upon which relief can be granted and that the complaint is insufficient by reason of its failure to aver satisfaction of all the conditions precedent to the defendant's obligation. The complaint does aver, however, that "plaintiff has done and performed all things by her to be done and performed under the terms and conditions of the said policy or agreement sued upon except such as are waived or rendered unnecessary by the action of the defendant company".

Defendant specifically avers in its answer that the insured failed to pay a premium on the policy due on January 1, 1939. However, a policy of life insurance complete in all its terms, containing a formal acknowledgment of the payment of the first premium, was duly issued and executed on April 1, 1937, and was in the beneficiary's possession after the death of the insured. These facts are averred and would seem to establish a prima facie case. Brandis v. Empire State Life Assur. Soc., 315 Pa. 558, 174 A. 104.

Although in the Brandis case the issue involved the payment of the first premium, the complaint in the instant case contains sufficient averments to bring the

issue to trial. "The burden of proving the non-payment of premiums is on the insurer." 14 R.C.L. 1437.

It is true that the plaintiff may not be able to recover if the evidence at the trial discloses a nonpayment of the premium. This issue can be raised at the trial and no injustice will result in denying the present motion for judgment.

The motion is denied.