## ASSOCIATES DISCOUNT CORPORATION
## v. HARDESTY et al.

### No. 7637.

United States Court of Appeals for the District of Columbia.

Argued March 12, 1941.

Decided May 5, 1941.

William R. Lichtenberg, Joseph B. Danzansky, and Samuel Barker, all of Washington, D. C., for appellant.

Norman E. Sill, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

This was an action in the nature of an action in detinue brought by the plaintiffs (appellees) against the defendant (appellant). The purpose was to recover from the defendant possession of a "certificate of origin" covering an automobile claimed to belong to the plaintiffs Hardesty.

The facts are not disputed and show that John H. Hardesty went to the place of business of Georgetown Motors, Inc., licensed dealers in automobiles, in Georgetown in the District of Columbia, for the purpose of purchasing a car. He was shown a new 1939 Plymouth, which the Motors Company had for sale with other cars on its showroom floor. He bought the car and executed and delivered to the Motors Company a contract of conditional sale and took delivery of the automobile. At the time of the purchase, Hardesty had no knowledge or reason to believe that the Motors Company was not the owner of the car or that it had not full and complete right to make sale and delivery of it. After receiving the car, Hardesty applied to the District of Columbia Bureau of Vehicles for a certificate to operate it. He was refused, because he was unable to deliver "the certificate of origin." It then de-

veloped that defendant, a finance company, had loaned money to Motors Company to purchase the car from the Washington wholesale distributor of Plymouths, and had taken a note secured by chattel mortgage on the car. The chattel mortgage was never recorded; and was void as against Hardesty. In addition to the chattel mortgage, defendant took from the distributor the certificate of origin, which had been indorsed to Motors Company, but not delivered. Motors Company, apparently, never had possession of that document, but defendant admittedly holds it and refuses to deliver it to the Hardestys.

The applicable District of Columbia statute[1] provides that the owner of a motor vehicle shall not operate it upon any public highway in the District of Columbia without first obtaining a certificate of title therefor. The statute authorized the Commissioners of the District to adopt regulations governing the issuance of such certificates. The regulations so adopted require the purchaser of a new motor car to furnish, with his application for a certificate, a dealer's certificate of origin or ownership duly assigned to the applicant, or such other evidence of ownership as the Director may require. Failing this indicia of ownership, the Director declined to furnish Hardesty a certificate of title. The result is that Hardesty has the automobile, which because of the above facts he is unable to use in the District of Columbia, his co-plaintiff, First Credit Corporation, another finance company, has his conditional bill of sale and notes, having taken the same for value and without notice from Motors Company, and defendant has the certificate of origin.

■ First. If plaintiffs have a right to immediate possession of the certificate, detinue would seem to be the proper remedy. Stoker v. Yerby, 11 Ala. 322; Lewis v. Hoover, 1 J.J.Marsh, Ky., 500, 501, 19 Am.Dec. 120; Robinson v. Peterson, 40 Ill. App. 132; Myers and Son v. Friend and Scott, 1 Rand., Va., 12; Hefner v. Fidler, 58 W.Va. 159, 52 S.E. 513, 3 L.R.A.,N.S., 138, and note, 112 Am.St.Rep. 961. And we think the rule applies notwithstanding plaintiffs never had the certificate, and claim by estoppel. Myers and Son v. Friend and Scott, supra, and see also Wiard v. Semken, 2 App.D.C. 424, 427, and Robinson v. Peterson, supra.

■ Second. In General Credit, Inc. v. Universal Credit Co., 69 App.D.C. 80, 99 F.2d 115, we said: "The general rule is that the seller of chattels can confer no better title than he himself has, but a recognized exception to the rule is based on estoppel. Thus, if the owner of the chattel stands by and permits another,—particularly a licensed dealer in such chattels,—to hold himself out to the world as owner, to treat the goods as his own, to place them with similar goods in a public show-room and to offer them for sale to the public, he will be estopped by his conduct from asserting his ownership against a purchaser for value and without notice."

There is no question that precisely this chain of events occurred here.

■ Based on the rule, plaintiffs' theory of the case is that title to the car, acquired by estoppel, carries with it a right to possession of the certificate. We think the position sound. The chattel mortgage which defendant took and failed to record was void as against appellees, and even if it be assumed that defendant had some other title, it was lost when the car was placed in the hands of a dealer for display and sale and then sold to a bona fide purchaser for value. In a comparatively recent case in which we had the same question,[2] we assumed that the purchase of an automobile from a dealer which was otherwise valid and entitled purchaser to title and possession, was not abrogated as the result of the registration regulations of the District of Columbia. In that case, the facts being in dispute, we remanded for specific findings.

In a similar case in North Carolina,[3] the Supreme Court of that State held that compliance with the state titling regulations was unnecessary to transfer legal title. There a finance company, in possession of the certificate of title for money advanced, sued to recover the car from the dealer's purchaser. The North Carolina court held against the claim, and added this dictum: "Upon the facts agreed, the defendant is the owner of the motor vehicle in controversy. We see no reason why, upon proper application to the court, on the facts stated

---

[1] Act of Feb. 27, 1931, 46 Stat. 1424, D.C.Code, Supp. V, Tit. 6, Sec. 243(d).

[2] Associates Discount Corporation v. Crow, 71 App.D.C. 336, 110 F.2d 126.

[3] Carolina Discount Corp. v. Landis Motor Co., 190 N.C. 157, 129 S.E. 414, 417.

in this record, it would not be proper to direct the plaintiff to deliver its certificate of title to the defendant to the end that the defendant may comply with the law and obtain a new certificate."

■■ The only sanction in the District of Columbia laws applicable under the conditions we have here, is that the purchaser cannot use the automobile on the highways of the District of Columbia. The statute provides only that the "owner" shall first obtain a certificate. But it nowhere provides that he is any less the owner because he fails to do so. In our opinion, the statute does not avoid a contract otherwise valid. Our conclusion, therefore, is that the sale to Hardesty gave him title to the car and that being so, that he has the right to possession of the certificate under the rule implicit in the Crow case, supra. This principle, we think, is supported by decisions in most of the states. Cf. Commercial Credit Co. v. Schreyer, 120 Ohio St. 568, 166 N.E. 808, 63 A.L.R. 674; Hennessy v. Automobile Owners Insurance Association, Tex.Com.App., 282 S.W. 791, 46 A.L. R. 521; Commercial Credit Co. v. McNelly, 6 W.W.Harr., Del., 88, 171 A. 446; Bond Lumber Co. v. Timmons, 82 Mont. 497, 267 P. 802; Hartford Fire Ins. Co. v. Knight, 146 Miss. 862, 111 So. 748; Thiering v. Gage, 132 Or. 92, 284 P. 832; Carolina Discount Corporation v. Landis Motor Co., supra; Parrott v. Gulick, 145 Okl. 129, 292 P. 48; Moore v. Wilson, 230 Ky. 49, 18 S.W.2d 873; Williams v. Stringfield, 76 Colo. 343, 231 P. 658.

Affirmed.