## M. SNOWER & CO. v. UNITED STATES.
### No. 8382.

Circuit Court of Appeals, Seventh Circuit.

Feb. 4, 1944.

Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., Austin Hall, Asst. U. S. Atty., J. Albert Woll, U. S. Atty., of Chicago, Ill., Samuel O. Clark and Frederic Rita, Dept. of Justice, both of Washington, D. C., for appellant.

W. R. Brown and W. Robert Brown, both of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Plaintiff brought this action to recover $45,827.41 alleged to have been paid to defendant as floor stocks taxes and as taxes under § 18 of the Agricultural Adjustment Act, 7 U.S.C.A. § 618.

The complaint alleged that in 1933 the plaintiff paid to the Collector of Internal Revenue $29,477.80 as floor stocks taxes under the Agricultural Adjustment Act and from August 1, 1933 to March 2, 1934, paid to the United States through its vendors $17,430.05 as taxes under § 18 of the Agricultural Adjustment Act. Plaintiff, on June 28, 1937, filed a claim for refund pursuant to Title VII of the Revenue Act of 1936, 7 U.S.C.A. §§ 644, 645, which was rejected by the Commissioner by registered letter dated May 27, 1938. On December 22, 1939, plaintiff filed an amended claim for refund for the same amounts. This amended claim was rejected by the Commissioner by letters dated May 10, 1940.

On May 24, 1940, plaintiff filed its complaint alleging that the burden of said tax payments was borne by plaintiff, no part having been shifted to others, directly or indirectly, and attached thereto the claims for refund which stated that plaintiff had paid the taxes, and an affidavit that plaintiff had borne the burden of the taxes.

Defendant's answer denied that plaintiff had borne the burden of the taxes, and that the claims for refund were properly filed, and as a complete defense, alleged that, on March 14, 1938, the Commissioner notified the plaintiff of a deficiency in its income taxes in 1934 of $6,301.27 and of a deficiency in its excess profits taxes for the year 1934 of $1,608.91. These deficiencies in taxes for 1934 resulted from the addition to the plaintiff's net income for that year

of $45,827.41 paid by the plaintiff as taxes under the Agricultural Adjustment Act, which are the identical taxes for the recovery of which this action was brought. On May 27, 1938, the Commissioner wrote to the plaintiff that he had received an agreement, executed by the plaintiff on May 23, 1938, to the effect that in consideration of the settlement of a deficiency assessment of income tax for 1934, plaintiff withdrew its claim and waived all rights to refund of the $45,827.41. "Accordingly," wrote the Commissioner, "the claim is hereby rejected in full." Pursuant to this agreement, the claim for refund was withdrawn and the Commissioner abated the proposed deficiencies. Defendant's answer alleged that by reason of this compromise, this action was barred.

Plaintiff moved for summary judgment upon the ground that by pleading the compromise agreement as a defense, defendant had confessed plaintiff's cause of action to the extent of the amount of the taxes paid under the Agricultural Adjustment Act less the amount of income tax deficiencies asserted by the Commissioner.

Defendant moved for judgment on the pleadings upon the grounds that the complaint did not state sufficient facts to constitute a cause of action; that the District Court was without jurisdiction because the claim for refund was insufficient; and that the compromise was a complete defense.

The District Court granted the plaintiff's motion for summary judgment, holding that the claim for refund was sufficient and that the compromise agreement was entirely ineffective so that plaintiff was entitled to recover the amounts claimed in the complaint, less the amount of the deficiencies in income and excess profits taxes proposed by the Commissioner. 50 F.Supp. 197.

■ Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that a motion for summary judgment shall be granted only if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Here, the complaint alleged that plaintiff had borne the burden of the taxes in question. This allegation was specifically denied by defendant's answer. Thus there was an issue of fact. That this fact was material can not be denied inasmuch as the statute—§ 902 of the Revenue Act of 1936, 49 Stat. 1747, 7 U.S.C.A. § 644—makes it a condition precedent to a refund that the claimant establish that he bore the burden of the tax. Because there was such an issue of fact presented by the pleadings, the motion for summary judgment should have been denied. Campana Corp. v. Harrison, 7 Cir., 135 F.2d 334, 335, 336.

Plaintiff's argument on this point, in the District Court, was that, taking the pleadings as a whole, the allegation of the complaint with respect to the burden of the taxes has been admitted. Plaintiff's motion for summary judgment was on the sole ground that the answer admitted that plaintiff was entitled to the refund of the taxes by alleging that the Commissioner proposed to add to plaintiff's income for 1934 the amount of these taxes. And now plaintiff seeks to fortify this argument by urging that defendant, by its motion for judgment on the pleadings, had permanently waived its former denials and admitted the truth of all facts set up in the complaint. We shall analyze the argument in detail.

■ Plaintiff's first contention is that when both parties move for judgment, it becomes a question of law to be decided on the facts on file, citing Equitable Life Assurance Soc. v. Tucker, 8 Cir., 126 F.2d 396; Hartford Accident & Indemnity Co. v. Flanagan, D.C., 28 F.Supp. 415; United States Trust Co. v. Sears, D.C., 29 F.Supp. 643. An examination of those cases shows that there was no material factual issue involved, as there is in the case at bar, and that in those cases the court was of the opinion that no additional evidence would be adduced at the trial which would be helpful in the disposition of the case. Here, on the other hand, it may be that proof or lack of proof of the basic issue of whether plaintiff bore the burden of the taxes will be determinative. The instant situation is closely analogous to a case in which both plaintiff and defendant have moved for summary judgment when the pleadings presented a genuine issue regarding a material fact. In such a case, no summary judgment of the disputed facts should be granted and the case should proceed to trial. Associates Discount Corp. v. Crow, 71 App. D.C. 336, 110 F.2d 126.

■ Plaintiff next argues that there is no issue of fact because the defendant by making a motion for judgment on the pleadings has admitted the untruth of its denial of plaintiff's allegation that it bore

370

the burden of the taxes. Two[1] of the three cases cited in support of this proposition give the third, Wyman v. Wyman, 9 Cir., 109 F.2d 473, as authority. This case cites Phenix v. Bijelich, 30 Nev. 257, 95 P. 351, which gives as authority Walling v. Brown, 9 Idaho 184, 72 P. 960, and Idaho Placer Mining Co. v. Green, 14 Idaho 294, 94 P. 161. In all four of these cases, the lower court's action in granting a motion for judgment on the pleadings was reversed by the appellate court. True, they all state the rule that when a party moves for judgment on the pleadings, he not only, for the purposes of his motion, admits the truth of all the allegations of his adversary, but must also be deemed to have admitted the untruth of all of his own allegations which have been denied by his adversary. But they all make it clear that such "admission" is only for the purposes of the motion. In other words, such "admission" is not final, binding, and conclusive in such a way as to amount to a definitive waiver of material facts put in issue by the answer. Instead, the trial may proceed, and the factual issues raised by the answer are then subject to proof. Thus if the court denies a party's motion for judgment on the pleadings, this does not mean that he is precluded from contending that his denials (in his answer) of the allegations in plaintiff's complaint are true. An example may make the point clearer. Take the case of a beneficiary of a life insurance policy suing an insurer: Plaintiff avers in the complaint that all things necessary to be performed under the terms of the policy have been done. Defendant-insurer in its answer alleges that the premium was not paid. Believing that the complaint is defective for failure to state a cause of action, defendant moves for judgment on the pleadings, thus admitting, *for purposes of the motion,* that the denial, that the premium was paid in its answer, is untrue. However, this does not mean that forever afterward it is precluded from contending that the premium was not paid. On the contrary, if its motion for judgment on the pleadings is denied, the case will proceed to trial, and the plaintiff will not recover if the evidence discloses a nonpayment of the premium. Cf. Geist v. Prudential Ins.

Co. of America, D.C., 35 F.Supp. 790. So, in the instant case, the defendant conceded, for the purposes of its motion for judgment on the pleadings, that its denial that plaintiff had borne the burden of the taxes was untrue, but this was done solely for the purposes of the motion. At the trial, if it should appear that the plaintiff has not borne the burden of the taxes, no recovery will be allowed. In short, no permanent waiver of the right to deny that plaintiff had borne these taxes occurred, so there was still a material issue of fact which was not eliminated by defendant's motion for judgment on the pleadings. The other cases which plaintiff cites,[2] hold only that in considering a motion for judgment on the pleadings, facts alleged by plaintiff in its complaint must be taken to be true for the purpose of ascertaining whether the complaint states a cause of action. Thus these cases expressly limit the force of the "admission" inherent in such a motion to the purpose of considering whether a cause of action has been stated. Hence they are in no way inconsistent with our opinion of the effect of such a motion.

Even if the affirmative defense of the compromise agreement was inconsistent with the denials contained in the answer, as contended by plaintiff, the denials were good because alternative and inconsistent defenses may be pleaded. Rule 8(e) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We find no merit in plaintiff's contention that by the motion for judgment on the pleadings, defendant permanently eliminated one of its inconsistent defenses (its denials) and relied upon its conflicting affirmative defense of the deficiency asserted and compromise based thereon. In our view, the denials were only temporarily shelved, and could thereafter be relied upon if the trial court did not grant its motion for judgment on the pleadings. Thus where a defendant by its denial of allegations in certain paragraphs of a complaint raised an issue of fact, the plaintiff's motion for summary judgment was denied, and, in the same case, there was a trial after defendant's motion for judgment on the pleadings was denied, Phœnix Hardware Co. v. Paragon Paint & Hardware Corp., D.C., 1 F.

[1] Lackawanna Beef Co. v. Adolf Gobel, D.C., 1 F.R.D. 538; United States v. Hole, D.C., 38 F.Supp. 600.

[2] Art Metal Const. Co. v. Lehigh Structural Steel Co., 3 Cir., 116 F.2d 57; Sullivan v. Northern Pac. Ry. Co., 8 Cir., 104 F.2d 517; Ulen Contracting Corp. v. Tri-County Electric Co-operative, D.C., 1 F. R.D. 284; Geist v. Prudential Ins. Co., D., 35 F.Supp. 790.

R.D. 116, thus indicating that by its motion for judgment on the pleadings defendant did not waive the right to assert at the trial the truth of its denial (contained in its answer) of plaintiff's allegations.

■ Finally, the plaintiff argues that the proposal by the Commissioner of a deficiency in the plaintiff's income taxes for the year 1934 involved the conclusive determination that plaintiff was entitled to the refund of the taxes which it seeks to recover in this action, so that plaintiff is entitled to judgment; and that this conclusive determination results from the fact that the answer alleges that the proposed deficiency resulted from the addition of the amount of taxes here involved to plaintiff's income for 1934 upon the Commissioner's assumption that these taxes were refundable in that year.

Since the answer simply alleges that the amount of these taxes was added to plaintiff's income without alleging the reason for the addition, there is no basis for this contention. The amended claim for refund and the preliminary statement attached to the amended claim for refund show that plaintiff never had any idea that such a determination was made. Plaintiff's account of the situation is set forth in this preliminary statement as follows: "The original claim for refund * * * filed by the claimant was withdrawn in accordance with a purported agreement entered into with the Commissioner of Internal Revenue. This original claim was withdrawn and consent given to its rejection due to an erroneous factual belief, held by both the Commissioner of Internal Revenue and the claimant, that the amount claimed therein was due to processing taxes paid during the year 1934 and was therefor taxable as income for the year 1934. * * * The original claim for refund was actually for floor stock taxes paid on cotton articles during the year 1933 (see original or amended claim), not for processing tax paid during the year 1934, and the said agreement was entered into by the claimant and Commissioner of Internal Revenue solely due to and because of this mutual error of fact."

It is apparent from the fact that the deficiency letter was issued on March 14, 1938, the day before the limitation upon the assessment of additional taxes for the year 1934 expired, § 275(a) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 275(a), that the deficiency assessment was proposed by the Commissioner to protect any possible right of defendant to additional taxes resulting from the refund, if the refund had been allowed. This is a well known administrative practice which is necessary to protect the revenue, and the reason for the practice refutes the contention now made that the Commissioner's determination here of a tax liability imports an admission by the Commissioner that plaintiff is entitled to the refund in question. Hence the record does not show an admission that the Commissioner allowed the refund claim.

If the defendant had not made a motion for judgment on the pleadings, it is clear that plaintiff's motion for summary judgment should not have been granted for the reason that the pleadings presented a material issue of fact. Analyzing the effect of the motion for judgment on the pleadings as we do, we conclude that there was still a material issue of fact before the trial court after the motion for judgment on the pleadings had been made. Accordingly, the judgment for plaintiff entered by the District Court on its motion for summary judgment will be reversed, and the cause is remanded for further proceedings consistent with the views herein expressed. It is so ordered.