James E. GOOD, Appellant,

v.

EASY METHOD AUTO DRIVER TRAIN-
ING SCHOOL, Inc., a corporation, and
Haven D. Umstott, Appellees.

Charles S. BRADFORD and Dorothy J.
Bradford, Appellants,

v.

EASY METHOD AUTO DRIVER TRAIN-
ING SCHOOL, Inc., a corporation, and
Haven D. Umstott, Appellees.

Grover C. THOMAS, Appellant,

v.

EASY METHOD AUTO DRIVER TRAIN-
ING SCHOOL, Inc., a corporation, and
Haven D. Umstott, Appellees.

Nos. 1618–1620.

The Municipal Court of Appeals for the
District of Columbia.

Argued March 28, 1955.

Decided May 4, 1955.

John A. Nevius, Washington, D. C., with
whom L. Alton Denslow and Richard H.
Harper, Washington, D. C., were on the
brief, for appellants.

James R. Sharp, Washington, D. C., with whom Marc A. White and Dan Piver, Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

These appeals are from judgments for the defendants in three actions for trespass and conversion of plaintiffs' automobiles. The three cases involved the same question of law and similar questions of fact, and by consent of the parties were consolidated for trial.

The plaintiff in each case purchased an automobile from one Walker who operated Bonnie's Used Car Sales, a retail used car lot. In each case the plaintiff selected an automobile from among a number of automobiles advertised and displayed for sale on Walker's lot, paid value therefor, and accepted delivery. None of the plaintiffs knew that Walker was not the owner of the automobiles or had reason to doubt his authority to sell. Approximately one month after the sales the automobiles disappeared from the possession of the plaintiffs and were returned to the possession of the corporate defendant (hereinafter called Easy Method) and were subsequently disposed of by it.

The automobiles had been placed in Walker's possession for display on his lot and for sale by him under the terms of a consignment agreement between Walker and Easy Method, acting through Umstott, its vice-president. Walker testified that by virtue of the consignment agreement he had authority to sell the automobiles placed in his possession, but Knight, vice-president of Easy Method, testified that Walker had authority only to display the automobiles and to communicate the offers of prospective parties to Easy Method for approval. Regardless of the merits of these contentions, the evidence is clear and undisputed that Easy Method placed the automobiles in the possession of Walker, a dealer in used cars, for display on his lot among his stock in trade for the purpose of attracting purchasers for the automobiles from among prospective customers visiting his place of business. The evidence is equally clear that the automobiles were sold and delivered to the plaintiffs and disappeared from their possession approximately one month thereafter, and were returned to the possession of Easy Method and later disposed of by it, and that the officers of Easy Method knew of the sales which had been made by Walker to the plaintiffs.

The complaints in the three actions are captioned "for trespass and conversion," and allege that Easy Method and Umstott on or about the particular dates seized and converted plaintiffs' automobiles to their own use. The only evidence in the record to sustain a finding that Easy Method or Umstott seized the automobiles is the testimony of Walker to the effect that Umstott told him that he (Umstott) had not taken the cars, but that his (Umstott's) man had done so. In addition there is the fact that on the day before plaintiff Thomas' car was taken from his possession he received a registered letter, return receipt requested and instructions to show address where delivered, bearing Umstott's name as return addressee at the address of Easy Method. Umstott did not testify and Knight, the officer who testified for Easy Method, denied any knowledge of who returned the automobiles or who caused their return. On this state of the evidence the trial court held that plaintiffs had not sustained their burden of proof that defendants had seized the automobiles.

The question remains, however, whether plaintiffs proved conversion of their automobiles. We think they did. The plaintiffs were bona fide purchasers of the automobiles. They purchased for value and without notice of any limitation on the property interest or authority to sell in Walker. They purchased from an established dealer in used automobiles at his regular place of business and from an advertised display stock of used automobiles. There were no circumstances to put them on notice to inquire into the authority or title of Walker.

The law is well settled in the District of Columbia that if an owner [1] of chattels stands by and permits another, particularly a licensed dealer in such chattels, to hold himself out to the world as owner, to treat the goods as his own, to place them with similar goods in a public showroom and to offer them for sale to the public, he will be estopped by his conduct from asserting his ownership against a purchaser for value and without notice.[2]

The evidence is uncontradicted that Easy Method, knowing of the sales to the plaintiffs, having regained possession of the cars, retained them and subsequently disposed of them. We hold that plaintiffs, by estoppel, acquired a superior right to possession of the automobiles and that the acts of Easy Method constituted conversion for which plaintiffs are entitled to recover.

Although the complaints are framed on the theory of trespass rather than trover, the pleadings should be construed so as to do substantial justice. Municipal Court Civil Rule 8(f). If the pleadings did not conform to the evidence as presented, they could have been amended to so conform, but lack of amendment does not affect the result. Municipal Court Civil Rule 15(b). We conclude that although the evidence proved neither a trespass nor a conversion by Umstott, and no trespass by Easy Method, it did establish a conversion by Easy Method.

The complaints sought punitive damages for the trespass, but since no trespass was found no punitive damages are recoverable.

As to the defendant Umstott, the judgments are affirmed.

As to the defendant Easy Method Auto Driver Training School, Inc., the judgments are reversed and the cases remanded to the trial court to determine compensatory damages and to enter judgments therefor in favor of the plaintiffs.

---

1. "Owner" we define as one having the beneficial use and possession of the chattel. In this case there was considerable evidence as to the exact registration title of the automobiles, but as to the parties here we consider this immaterial.

2. Associates Discount Corporation v. Hardesty, 74 App.D.C. 44, 122 F.2d 18; Fogle v. General Credit, 74 App.D.C. 208, 122 F.2d 45, 136 A.L.R. 814.