LOWELL H. TAYLOR,
Plaintiff,

*vs.*

ARMIGER BODY SHOP, and/or BIAGIO RACHELLI,
Defendants.

*Sussex, May 26, 1961.*

*Paul R. Reed,* Georgetown, for plaintiff.

*Everett F. Warrington,* Georgetown, for defendants.

SHORT, Vice Chancellor: I first note that the complaint seeks no relief as against defendant Rachelli, nor does the evidence warrant any relief against him. Judgment in his favor must, therefore, be entered.

Plaintiff brings this action to compel defendant, Armiger Body Shop to transfer and deliver to him the title certificate evidencing ownership of a certain 1960 Ford Falcon automobile. The facts are these: On September 30, 1960 plaintiff purchased the aforementioned vehicle from Ray Hitchens, a dealer in used automobiles, for the price of $1,995. Part of the purchase price was paid in cash, part was financed and the remainder was paid in trade-ins. The Falcon was delivered to plaintiff on the day of sale and it has been in his possession since that time. The vehicle is titled in the name of the defendant and the title certificate is in his possession. Plaintiff contends that defendant held Hitchens out as the owner of the Falcon, or that Hitchens was the agent of defendant with authority to sell the vehicle, and that the sale to plaintiff was made pursuant to such authority. Defendant contends that he did nothing to cause Hitchens to appear as owner, that Hitchens was not his agent and that Hitchens had no authority to sell the vehicle. Before trial, I considered the question as to whether or not plaintiff had an adequate remedy at law. See *Associates Discount Corp. v. Hardesty,* 74 *App.D.C.* 44, 122 *F.2d* 18, where the Court of Appeals (D.C.) held that an action of detinue would seem to be a proper remedy to recover possession of title papers of an automobile. I concluded that the adequacy of the legal remedy was doubtful. See *Gaub v. Mosher,* 129 *A.* 253, 3 *N.J.Misc.* 605.

The burden is on plaintiff to prove the authority or agency of Hitchens to sell the vehicle. I *Jones on Evidence* 372. To meet this burden plaintiff relies upon (1) Hitchens' possession of the vehicle, (2) certain entries in Hitchens' own books referring to the vehicle and (3) statements made by defendant to plaintiff and others some days after the date of the purported sale.

It is, of course, a well-established principle that where the owner of personal property holds out another, or allows him to appear, as the owner of, or as having full power of disposition over the property, innocent third persons who are thus led into dealing with such apparent owner, or person having power of disposition, will be protected. This principle is a recognized exception to the general rule that the vendor of property can convey no greater right or title than he has. *E. I. duPont deNemours & Co. v. Laird*, 24 *Del.Ch.* 152, 8 *A.2d* 162, 166. Speaking of the exception, Chancellor Harrington, in the cited case, said:

> "The mere possession of chattels or other personal property, whether as a mere depository, pledgee or other bailee, without any other evidence of title, or authority to sell, does not come within this rule, and will not enable the possessor, by a sale of it, to give a good title to such property."

See also, *Leitch v. Sanford Motor Truck Co.*, 279 *Pa.* 160, 123 *A.* 658 wherein a truck was delivered under bailment lease to a dealer in such vehicles and the dealer exhibits the truck in his showroom. It was held that the owner was not estopped to assert his title.

In the instant case, plaintiff has presented no evidence from which I can rightfully infer that defendant held Hitchens out as having power and authority to dispose of the vehicle, either as owner or as defendant's agent. The mere possession of the vehicle by Hitchens, is, therefore, insufficient to establish his authority to sell.

Neither do the entries in Hitchens' books establish an agency in Hitchens. In *Oldham v. Cooper*, 5 *Del.Ch.* 151, the Chancellar said:

"Mrs. Cooper, in her answer, denies that Campion was her agent. It has not been shown that he ever represented himself as her agent in any negotiation with Oldham, or that Mrs. Cooper had knowledge that he represented himself to others as her agent. His own representations that he was her agent, if any such were made, and entries by him in his books, or on the books of others, to that effect, do not prove his agency, unless such representations or entries were made with the knowledge or privity of Mrs. Cooper. There is no proof in this cause that they were so made. A person claiming to be the agent of another cannot prove the fact of his agency by proof solely of his own acts or declarations. Neither can third parties so prove his agency. There must be satisfactory proof in some manner, of appointment, recognition, or ratification by the alleged principal. Such proof is wanting in this cause."

The quoted language is peculiarly applicable to the facts of the present case not only as to the effect of Hitchens' book entries, but as to the whole theory of agency upon which plaintiff relies. Since there is no evidence showing the existence of the principal-agent relation between defendant and Hitchens as respects authority to sell the Ford Falcon, then, if plaintiff is entitled to relief it must be on the theory of ratification of the sale by defendant. The only evidence adduced in this connection is certain statements allegedly made by defendant to plaintiff and to the representative of Nanticoke Finance Company. Whatever inferences might properly be drawn from these statements are not material in the state of the present record. Plaintiff's evidence tends to show that at the time of the sale Hitchens purported to act as owner of the vehicle and not as an agent. It is a rule of almost universal application that acts done by one in his individual capacity cannot be ratified by another. Restatement, *Agency, Sec.* 85; 2 *C.J.S. Agency* § 41, *p.* 1080; 2 *Am.Jur.* 177. The doctrine of ratification is not here applicable.

While I am sympathetic to plaintiff's dilemma, it must be observed that his misfortune is attributable in large measure to his own failure to demand the title certificate before he accepted delivery of the car. It can fairly be said that any loss which may be sus-

tained by plaintiff stems from misplaced confidence in one who has shown himself unworthy of any confidence. I conclude that plaintiff is not entitled to the relief prayed for. A judgment for defendant will, therefore, be entered.

Order on notice.